UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA NOCHIMSON, on behalf of herself and others similarly situated in the proposed FLSA Collective Action,

                            Plaintiff,

    -v-

OASIS LUXE MANAGEMENT & CO. INC. and MICHAEL G. MEMON,

                            Defendants.

CIVIL ACTION NO.: 22 Civ. 7197 (PAE) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

The Court is in receipt of Debra Nochimson's ("Ms. Nochimson") letter-motion requesting permission to serve Defendant Michael G. Memon ("Mr. Memon") by alternative methods (i.e., serving his counsel of record, Sullivan & Worcester LLP ("Sullivan")). (ECF No. 24 (the "Letter-Motion")). For the reasons set forth below, the Letter-Motion is GRANTED.

## II. BACKGROUND

On August 24, 2022, Ms. Nochimson properly filed her complaint. (ECF No. 9 (the "Complaint")). On August 25, 2022, the Honorable Paul A. Engelmayer referred this matter to the undersigned for general pre-trial supervision. (ECF No. 10). On August 30, 2022, Ms. Nochimson served Defendant Oasis Luxe Management & Co. Inc. ("Oasis," together with Mr. Memon, the "Defendants") by delivering the Summons and Complaint on an authorized agent in the Office of the Secretary of State of the State of New York. (ECF No. 11). On October 7, 2022, noting Oasis' failure to appear, and the fact that Mr. Memon had not yet been served, the Court directed Ms. Nochimson to file a status letter on (i) the status of service on

Mr. Memon, and (ii) any communications she may have had with Oasis since effecting service. (ECF No. 12). As Ms. Nochimson attempted to serve the Defendants, she kept the Court apprised of any developments, (see ECF No. 13), including that her process servers had unsuccessfully attempted to serve Mr. Memon at (i) the business address identified in the original summons, (see ECF No. 19), and (ii) at the residential address located at 26 Park Row, #10B, New York, NY 10038, (see ECF No. 21). On January 26, 2023, Ms. Nochimson filed the Letter-Motion. (ECF No. 24). In the Letter-Motion, Ms. Nochimson acknowledged both attempts at service, advised the Court that she had located the identify of Mr. Memon's counsel of record, Sullivan, and requested that she be permitted to serve Sullivan as an alternative means to serve Mr. Memon. (ECF No. 24 at 2).

### III. DISCUSSION

#### A. Legal Standards

"Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual according to the laws of the state where the district court is located." Corson v. Power Moves, Inc., No. 19 Civ. 8847 (VSB), 2020 WL 3318099, at *1 (S.D.N.Y. June 18, 2020) (citing Fed. R. Civ. P. 4(e)). "New York law provides for service by personal delivery; substitute service and mailing; service to an agent; and service by affixing to the door followed by mailing." Corson, 2020 WL 3318099, at *1 (citing N.Y. C.P.L.R. §§ 308(1)–(4)). "In New York State, service may be made 'in such manner as the court, upon motion without notice, directs, if service is impracticable' under the other methods specified in" the New York State Civil Practice Law and Rules (the "CPLR"). Rampersad v. Deutsche Bank Sec., Inc., No. 02 Civ. 7311 (LTS) (AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (quoting N.Y. C.P.L.R. § 308(5)). Section 308(5) of the

CPLR requires "a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." S.E.C. v. HGI, Inc., No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (collecting cases). Accordingly, "[t]he meaning of 'impracticable' depends on the facts and circumstances of a particular case." Rampersad, 2003 WL 21073951, at *1. "'Once the impracticability standard is satisfied, due process requires that the method of service be reasonably calculated, under all the circumstances, to apprise the defendant of the action.'" Corson, 2020 WL 3318099, at *1 (quoting Safadjou v. Mohammadi, 964 N.Y.S.2d 801, 802 (4th Dep't 2013)).

B. **Application**

Ms. Nochimson seeks to effect service on Mr. Memon by serving his counsel of record, Sullivan. (ECF No. 24). Any form of service must comport with due process by being "'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" S.E.C. v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 311 (1950)). Service of record of counsel in an unrelated matter comports with due process and is permissible under section 308(5) of the CPLR. See Bozza v. Love, No. 15 Civ. 3271 LGS, 2015 WL 4039849, at *2 (S.D.N.Y. July 1, 2015) (collecting cases). Because Ms. Nochimson has adequately demonstrated that "service by a traditional method is impracticable or even impossible[,]" HGI, Inc., 1999 WL 1021087, at *1, and service on Sullivan is reasonably calculated under the circumstances to apprise Mr. Memon of this action, see Rampersad, 2003 WL 21073951, at *1–2; Kelly v. Lewis, 220 A.D.2d 485, 486 (2d Dep't 1995); Franklin v. Winard, 189 A.D.2d 717, 717

3

(1st Dep't 1993), Ms. Nochimson may effect service on Mr. Memon by serving the Summons and Complaint on Sullivan. Ms. Nochimson's time to effect service on Mr. Memon is extended through February 27, 2023.

## IV. CONCLUSION

For the reasons stated above, the Letter-Motion is GRANTED. Ms. Nochimson shall, by no later than **February 27, 2023**, (i) effect service in the manner hereby authorized by this Order, and (ii) file a status letter advising the Court of the status of service on Mr. Memon.

Dated:   New York, New York
         January 27, 2023

_____
SARAH L. CAVE
United States Magistrate Judge