UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA NOCHIMSON, on behalf of herself and others similarly situated in the proposed FLSA Collective Action,

                      Plaintiff,

-v-

OASIS LUXE MANAGEMENT & CO. INC. and MICHAEL G. MEMON,

                      Defendants.

CIVIL ACTION NO.: 22 Civ. 7197 (PAE) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.    INTRODUCTION

The Court is in receipt of Debra Nochimson's ("Ms. Nochimson") renewed letter-motion requesting permission to serve Defendant Michael G. Memon ("Mr. Memon") by alternative methods (i.e., iMessage, Instagram, and LinkedIn (collectively, the "Social Media Platforms")). (ECF No. 31 (the "Letter-Motion")). For the reasons set forth below, the Letter-Motion is DENIED.

## II.    BACKGROUND

On January 27, 2023, the Court granted Ms. Nochimson's letter-motion requesting permission to serve Defendant Michael G. Memon ("Mr. Memon") by alternative methods (i.e., delivering the Summons and Complaint to his counsel of record, Sullivan & Worcester LLP ("Sullivan")). (ECF No. 25 (the "Jan. 27 Order")). On February 17, 2023, a process server delivered the Summons and Complaint to Sullivan. (ECF No. 26). On February 21, 2023, Sullivan filed a letter-motion requesting that the Court rescind the Jan. 27 Order and "rescind any authorization to serve defendants via [Sullivan]." (Id. (the "Letter-Motion to Rescind")). On February 22, 2023,

the Court directed Ms. Nochimson to respond to the Letter-Motion to Rescind by February 27, 2023. (ECF No. 27).

On February 27, 2023, Ms. Nochimson stated that she was "amenable" to modifying the Jan. 27 Order to permit her to "effectuate service of the Summons & Complaint via [Mr. Memon's] Instagram[] and LinkdIn[] [sic] social media accounts." (ECF No. 29 (the "Letter-Motion for Alternative Service")). On February 28, 2023, the Court denied the Letter-Motion for Alternative Service without prejudice for failure to provide authority to support alternative service via the Social Media Platforms. (ECF No. 30 (the "Feb. 28 Order")). The Feb. 28 Order advised Ms. Nochimson that she could renew her request to serve the Summons and Complaint on Mr. Memon via the Social Media Platforms, if she could provide "persuasive authority for such alternative service[.]" (Id.) On March 7, 2023, Ms. Nochimson filed the Letter-Motion.

### III.   DISCUSSION

#### A. Legal Standards

"Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual according to the laws of the state where the district court is located." Corson v. Power Moves, Inc., No. 19 Civ. 8847 (VSB), 2020 WL 3318099, at *1 (S.D.N.Y. June 18, 2020) (citing Fed. R. Civ. P. 4(e)). "New York law provides for service by personal delivery; substitute service and mailing; service to an agent; and service by affixing to the door followed by mailing." Corson, 2020 WL 3318099, at *1 (citing N.Y. C.P.L.R. §§ 308(1)–(4)). "In New York State, service may be made 'in such manner as the court, upon motion without notice, directs, if service is impracticable' under the other methods specified in" the New York State Civil Practice Law and Rules (the "CPLR"). Rampersad v. Deutsche Bank Sec., Inc., No. 02 Civ. 7311 (LTS) (AJP),

2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (quoting CPLR § 308(5)).  Section 308(5) of the CPLR requires "a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute."  S.E.C. v. HGI, Inc., No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (collecting cases).  Accordingly, "[t]he meaning of 'impracticable' depends on the facts and circumstances of a particular case."  Rampersad, 2003 WL 21073951, at *1.  "'Once the impracticability standard is satisfied, due process requires that the method of service be reasonably calculated, under all the circumstances, to apprise the defendant of the action.'"  Corson, 2020 WL 3318099, at *1 (quoting Safadjou v. Mohammadi, 964 N.Y.S.2d 801, 802 (4th Dep't 2013)).

    B. Application

Ms. Nochimson seeks to effect service on Mr. Memon by serving the Summons and Complaint on Mr. Memon via the Social Media Platform.  (ECF Nos. 29; 31).  Although the Court has already held that "Ms. Nochimson has adequately demonstrated that 'service by a traditional method is impracticable or even impossible[,]'" (ECF No. 25 at 3 (quoting HGI, Inc., 1999 WL 1021087, at *1)), it, nevertheless, remains true that any form of service must comport with due process by being "'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  S.E.C. v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 311 (1950)).  Absent from the Letter-Motion is any evidence that service on Mr. Memon via the Social Media Platform would "apprise [Mr. Memon] of the pendency of the action and afford [him] an opportunity to present [his] objections."  Mullane,

3

339 U.S. at 314; see Silverman v. Sito Mktg. LLC, No. 14 Civ. 3932 (WFK), 2015 WL 13649821, at *3 (E.D.N.Y. July 21, 2015) ("[W]here courts have permitted service through social media messaging, they have been presented with strong evidence demonstrating that the party being served was likely to receive the message."); see also F.T.C. v. PCCare247 Inc., No. 12 Civ. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); Fortunato v. Chase Bank USA, N.A., No. 11 CIV. 6608 JFK, 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012) ("[I]n those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."). Because service via the Social Media Platforms likely would not comport with due process, the Letter-Motion must be DENIED.

## IV. CONCLUSION

For the reasons stated above, the Letter-Motion is DENIED. By **Wednesday, March 15, 2023**, Ms. Nochimson shall either (i) show cause, by affidavit or declaration, why this case should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure or Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute as to Mr. Memon, or (ii) file a stipulation of voluntary dismissal as to Mr. Memon. Ms. Nochimson is warned that failure to comply with this Order may in itself result in dismissal of this action as to Mr. Memon.

Dated: New York, New York  SO ORDERED.
       March 8, 2023

_____
SARAH L. CAVE
United States Magistrate Judge